# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOSE MONTERO,**

    **Plaintiff,**

vs.                                                                         **Case No. 4:17cv484-WS/CAS**

**JULIE JONES,**
**DR. ALEX FIGUROA,**
**and OFFICER VASQUEZ,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff, proceeding in forma pauperis, has filed a third amended complaint. ECF No. 21. This version of Plaintiff's complaint has been reviewed as required by 28 U.S.C. § 1915A.

First, the complaint is insufficient because there are no factual allegations presented against Secretary Julie Jones. ECF No. 21. The Secretary is listed as a Defendant in this case, but Plaintiff has not provided any facts showing her involvement. Thus, the complaint fails to state a claim against Secretary Jones.

Page 2 of 5

Second, Plaintiff named Dr. Alex Figuroa as a Defendant, but Plaintiff presents only one short paragraph of facts concerning his involvement with this Defendant. ECF No. 21 at 6. Plaintiff's allegations reveal that this doctor examined him and directed that x-rays be taken.[1] The doctor said he would provide Plaintiff with a no work pass. *Id.* It is unclear what more Plaintiff believes this Defendant should have done for him, especially in light of the fact that Dr. Figuroa only saw Plaintiff one time. *Id.* The claim against this Defendant is insufficient as alleged.

Furthermore, to the degree Plaintiff claimed that Dr. Figuroa was negligent and committed "malpractice," *see* ECF No. 21 at 8, those claims are insufficient. The Eighth Amendment of the United States Constitution requires that prisoners be provided treatment for their serious medical needs. Failing to provide treatment because a defendant is "deliberately indifferent" to a prisoner's plight results in cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would

---

[1] Plaintiff does not even clearly indicate where he was injured. Plaintiff reported that he suffered a torn muscle, ECF No. 21 at 5, but it is unknown if that was in his right arm, left leg, or somewhere else.

Case No. 4:17cv484-WS/CAS

easily recognize the necessity for a doctor's attention." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoted in Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Deliberate indifference requires a plaintiff to show that a named defendant unnecessarily and wantonly inflicted pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). Plaintiff has not presented such a claim against Dr. Figuroa because Plaintiff has not alleged any facts which show that the doctor disregarded a risk or harm to Plaintiff or acted in a way that was more than negligent.

Plaintiff also sought to present a claim against Officer Vasquez, but the factual basis for that claim appears to be that the Officer gave Plaintiff a disciplinary report for refusing to work. ECF No. 21 at 6. Plaintiff contends he had been excused from work, but it is unclear whether he was subsequently found guilty of the disciplinary report as charged. At any rate, a correctional officer does not violate an inmate's constitutional rights by

the issuance of a disciplinary report.  Plaintiff has not otherwise alleged that this Defendant violated Plaintiff's constitutional rights and the claim against Defendant Vasquez is insufficient.

It does not appear that further opportunities to submit an amended complaint would be beneficial.  Plaintiff has already been advised as to why his prior complaints were insufficient and he was given the opportunity to file an amended complaint, *see* ECF No. 7, a second amended complaint, *see* ECF No. 17, and the third amended complaint.  *See* ECF No. 20.  This case should now be dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, ECF No. 21, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 30, 2018.

　　　　　　　　　　　　　　S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv484-WS/CAS